**UNITED STATES of America,**
**Appellee,**

v.

**Theodore EDWARDS, Jr., and Richard**
**J. Bates, Appellants.**

**No. 74–1913.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1975.

Decided May 12, 1975.

Lawrence J. Fleming, St. Louis, Mo., for appellants.

Richard Heidenry, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

This case is here on an appeal by Theodore Edwards, Jr., and Richard J. Bates from their conviction following a bench trial of violating 18 U.S.C. § 2314. Judge Wangelin, the trial judge, filed extensive findings of fact and a memorandum opinion, which are reported at 394 F.Supp. 1288 (E.D.Mo.1974). We have reviewed the transcript of the evidence with painstaking care and are satisfied that Judge Wangelin's findings reflect the relevant facts. We therefore adopt those findings.

The statute under which appellants were prosecuted provides in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more;
>
> \* \* \*
>
> Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

The essential elements of the offense are (1) the devising of a scheme or artifice to defraud or obtain money by false pretenses or representations and (2) causing or inducing an intended victim to travel in interstate commerce with intent to defraud that person of money or property having a value of $5,000 or more. United States v. Scoratow, 434 F.2d 1288 (5th Cir.), cert. denied, 401 U.S. 955, 91 S.Ct. 976, 28 L.Ed.2d 239 (1971); United States v. Reina, 446 F.2d

16, 17 (9th Cir. 1971). The *Reina* court observed that cases under the Mail Fraud Statute, 18 U.S.C. § 1341, which prohibits the devising of a scheme or artifice to defraud and use the mails in connection therewith, support this conclusion. See the cases cited at 446 F.2d 18. Although the facts are delineated in the district court's findings, we review them briefly because of the claim of appellants that the Government's evidence failed to bring the case within the provisions of § 2314.

The evidence showed that in accordance with arrangements made in Poplar Bluff, Missouri, Herbert Siebels, the victim of the fraudulent scheme, was taken by appellants in a rented automobile to the bank in Bloomsdale, Missouri, on or about June 2, 1972. Siebels purchased a cashier's check at the bank with funds drawn from his checking account. Apparently, Siebels was induced to withdraw the $15,000 by reason of a wager by a companion of appellants, one Johnnie Lee Oliver, to pay Siebels $1,000 if Siebels could obtain $15,000 from his bank.

After obtaining the $15,000 cashier's check, appellants transported Siebels to East St. Louis, Illinois, in the Edwards automobile. There they met Oliver, who insisted that Siebels would not win the bet unless he actually produced $15,000 in cash. This was accomplished by the appellants taking Siebels in the Edwards automobile from East St. Louis, Illinois, to the First National Bank in St. Louis, Missouri, where Siebels cashed the cashier's check and obtained $15,000 in currency. Siebels was then transported back to East St. Louis, where appellants prevailed upon Siebels to engage in a game called "Three Card Monte." This game is apparently likened to the "shell game," except that cards are used instead of shells. Oliver moved the cards and Edwards insisted upon playing for Siebels, that is, endeavoring to pick the right card (the ten of diamonds), and Siebels eventually acceded to Edwards' insistence. The result was inevitable. In Siebels' words, "I knew I was took right then," meaning at the time he was

prevailed upon to turn the $15,000 over to Edwards, who ostensibly was Siebels' friend. After the $15,000 had been lost, Siebels became infuriated. In order to calm him, Edwards suggested that Siebels wait at a tavern about two blocks away while Edwards went to retrieve the $15,000 and return it to Siebels. But, characteristic of the "pigeon drop" scheme, Edwards passed out of sight.

Neither of the appellants testified. In fact, they offered no evidence. The Government, in addition to the testimony of several witnesses, offered Johnnie Lee Oliver as a witness, but Oliver invoked the fifth amendment and refused to testify.

■ Appellants contend that there was no evidence of a fixed, manipulated, or fraudulent card game and consequently the statute was not violated. The argument is that before the Government could convict it was required to show that the game of Three Card Monte was rigged or manipulated in some way which would make it impossible for a player to ever win. We disagree. The record abounds with evidence to sustain the court's finding that appellant devised a scheme or artifice to defraud Siebels of $15,000; that they transported him in interstate commerce; and that through the ruse of a legitimate card game they relieved him of the $15,000. It matters not whether the cards themselves were rigged. The evidence certainly warrants the finding and inference that appellants and Oliver were bent on defrauding Siebels. They conned him into giving the $15,000 to Edwards, who purportedly was to play an honest game. In any event, there is considerable circumstantial evidence that the card game itself was indeed dishonest and that the cards were manipulated by the appellants. The findings of the district court are more than adequate to satisfy the requirements of the statute and we hold that the district court properly found both appellants guilty.

Appellants also contend that the court erred in admitting into evidence and giving consideration to statements made by

 

the defendants to agents of the F.B.I. The premise for this contention is that there was no independent proof of the corpus delicti.

For reasons above stated, we reject this contention. Judge Wangelin dealt with the incriminating statements made by the defendants in his opinion and we adopt his conclusions in regard to that issue.

The judgment of conviction is affirmed.